## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| **Dr. PANKAJ MERCHIA,**<br>**2715 Spanish River Rd, Boca Raton, FL 33432**<br>**Mail: PO Box 1071, Boca Raton, FL 33432**<br>**Voice: 561-235-2048**<br>**email: <u>pmerchia@gmail.com</u>**<br><br>       **Plaintiff,**<br><br>**v.**<br><br>**Martin Lamb, Esq and**<br>**Lamb and Associates, P.C.**<br>**531 Concord Street**<br>**Holliston, MA 01746**<br>**Voice: 508-429-9500**<br>**email: <u>marty@metroWestLaw.com</u>**<br><br>       **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)       Case No. _20-40100_<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>VERIFIED COMPLAINT</u>

### <u>Jurisdiction</u>

1. This court has jurisdiction under 28 U.S.C. § 1332 because there is diversity

   of citizenship and an amount in controversy greater than $75,000.

   a. Plaintiff is a citizen of the State of Florida.

   b. Defendants are citizens of the Commonwealth of Massachusetts

   c. The amount in controversy is $400,000 not counting interest, costs of

   court, and damages pursuant to MGL 93a.

1

## Venue

2.   Venue is proper pursuant to 28 U.S.C. § 1391(b) since Defendant is a resident of Massachusetts.

## Parties

3.   Plaintiff Dr. Pankaj Merchia is a physician-engineer-entrepreneur who is licensed to see patients in the State of Florida and citizen of the State of Florida with his primary home at 2715 Spanish River Rd, Boca Raton, FL 33432 with a phone number of 561-235-2048 and an email address of pmerchia@gmail.com.[1]

4.   Defendant Lamb and Associates P.C. is a Massachusetts professional corporation and the law firm of Defendant Martin Lamb and they have a principal office at 531 Concord Street, Holliston, MA 01746 with a phone number of 508-429-9500 and an email address of marty@metroWestLaw.com.  Martin ("Marty") Lamb is the president, treasurer, secretary, and director of Lamb and Associates P.C..

## Introduction

5.   In this action for breach of contract the attorney for the seller (Defendant) in a failed real estate transaction has refused to return the Plaintiff's full payment of $400,000 in accordance with an escrow arrangement contained

---

[1] Dr. Merchia has multiple additional residences in multiple states, but his domicile is at his home in Florida.

in an exchange of emails between the parties. Here the Defendant, by confirming his wire instructions and keeping the funds in his fiduciary account, accepted the escrow arrangement, and was bound to return the payment when the express condition of the underlying agreement was not met.[2] See Exhibit 101 to Exhibit 106.

6. Defendant has refused to return from escrow Plaintiff's $400,000 in contravention of the explicit written instructions of the buyer and seller in the agreement that created the escrow unless Plaintiff provides Defendant a release from liability for any and all wrong-doing, including intentional wrong-doing. See Exhibit 101 and Exhibit 106.

7. Defendant induced Plaintiff to wire him $400,000 by confirming his wire information with[3] an acceptance of written terms that stated "If you are in agreement please arrange to wire funds to [Defendant]", and then after receiving the funds writing the "wire was completely unsolicited" and refusing to return the funds unless Plaintiff releases Defendant of wrong-doing. See Exhibit 101, Exhibit 105, and Exhibit 106.

8. The full text of Exhibits 101 to Exhibit 106 is included here by reference as if the emails had been written here directly.

---

[2] Adapted from Kaarela vs. Birkhead, 33 Mass. App. Ct. 410
[3] Exhibit 101 and the email to which Exhibit 104 responds were sent 3 minutes apart

**Statement of Facts**

9.    On Wednesday September 30, 2020 by email Plaintiff accepted an offer to
      purchase real estate that included Defendant, the seller's law firm, acting as
      an escrow agent. See Exhibit 101 that is hereafter referred to as the "Escrow
      Arrangement"

10.   The Escrow Arrangement's subject was ""wiring full payment up front" and
      it stated "Seller has agreed to the below terms.  If you are in agreement
      please arrange to wire funds to [Defendant]", "1. Plaintiff wires [Defendant]
      $400,000", "2. [Defendant] keeps the funds in escrow ...", "4. If, by October
      21, 2020 [Defendant] has not ... recorded a Quitclaim deed ... for
      [Plaintiff's] Nominee then Defendant wires [Plaintiff] back the $400,000 the
      next business day [October 22, 2020]". See Exhibit 101 at subject of email,
      numbered points 1, 2, and 4.

11.   Defendant was carbon copied on the email Escrow Arrangement.  See
      Exhibit 101.

12.   Defendant emailed Plaintiff "Yes, that is the correct wire info" in response
      to an email Plaintiff sent Defendant three (3) minutes after the Escrow
      Arrangement.  See Exhibit 104.

13. Defendant emailed Plaintiff "The wire has been received. [the real estate broker who had the keys] will be contacting you." on October 7, 2020.  See Exhibit 102 and Exhibit 103.

14. Defendant accepted Plaintiff's $400,000 in his escrow account[4] and still has Plaintiff's $400,000.

15. The Escrow Arrangement stated that "If, by October 21, 2020 [Defendant] has not ... recorded a Quitclaim deed at the Worcester Registry for [Plaintiff's] Nominee then [Defendant] wires [Plaintiff] back the $400,000 the next business day." (emphasis added).  See Exhibit 101 at point 4.

16. Defendant "has not ... recorded a Quitclaim deed at the Worcester Registry for [Plaintiff's] Nominee".

17. Defendant has not "wire[d] [Plaintiff] back the $400,000".

18. Even as of today, November 30, 2020, Defendant has neither recorded a deed to Plaintiff's Nominee nor wired Plaintiff back $400,000.

19. Defendant has Plaintiff's $400,000 in his escrow (or IOLTA) account as of November 27, 2020.

20. The Escrow Arrangement is the basis for Defendant holding Plaintiff's $400,000 in his escrow (or IOLTA) account.

---

[4] this and subsequent reference to "escrow account" includes Defendant's "IOLTA" account.

5

21. No agreement other than the Escrow Arrangement is a basis for Defendant holding Plaintiff's $400,000 in his escrow (or IOLTA) account.

22. The Escrow Arrangement does not require Plaintiff to sign a release in order to be wired back his $400,000.

23. Defendant has emailed Plaintiff that he will not "wire back the $400,000" unless Plaintiff releases Defendant of "any and all actions .. both in LAW and in EQUITY".  See Exhibit 106 page 12 ¶2.

24. The Escrow Arrangement does not state that Plaintiff would need to sign a release in order to be returned his $400,000.  The Escrow Arrangement simply states "If, by October 21, 2020 [Defendant] has not … recorded a Quitclaim deed at the Worcester Registry for [Plaintiff's] Nominee then [Defendant] wires [Plaintiff] back the $400,000 the next business day."  See Exhibit 101 at point 4.

25. Defendant wrote on October 12, 2020 that he confirmed wire instructions to Plaintiff "in contemplation of an agreement" whereas Defendant knew that an agreement on terms had been made.  See Exhibit 105.

## Claim I

(Breach of Contract)

26. Plaintiff realleges paragraphs 1 through 25.

27. Letters between Plaintiff and a seller created an Escrow Arrangement.

28.   Defendant accepted the Escrow Arrangement by confirming his wire information, accepting Plaintiff's full payment of $400,000, and neither objecting to receipt of the money nor attempting to refund the money. See Exhibit 103.

29.   Defendant had a fiduciary duty to follow the unambiguous written instructions in the Escrow Arrangement.

30.   The Escrow Arrangement included unambiguous instructions of an express condition upon which Plaintiff was to be refunded his money.

31.   Defendant breached his duty to follow the unambiguous instructions in the Escrow Arrangement.

32.   Plaintiff performed as per the Escrow Arrangement by wiring Defendant $400,000 (Exhibit 101 at point 1, Exhibit 102, Exhibit 103).

33.   Defendant has failed to perform as per point 4 of the Escrow Arrangement by failing to wire Plaintiff back his $400,000 on October 22, 2020 since no deed had been recorded (Exhibit 101 at point 4).

## Claim II

### (Unfair Acts MGL 93a)

34.   Plaintiff realleges paragraphs 1 through 33.

35.   Defendant's not following the unambiguous explicit written instructions of the Escrow Arrangement was unfair.  See Exhibit 101 ¶4.

## Claim III

### (Unfair Acts MGL 93a)

36.  Plaintiff realleges paragraphs 1 through 35.

37.  Defendant's requiring Plaintiff to provide a release in order to be refunded
     his money when such release is not required by the terms of the Escrow
     Arrangement was unfair.  See Exhibit 106.

## Claim IV

### (Deceptive Acts MGL 93a)

38.  Plaintiff realleges paragraphs 1 through 37.

39.  Defendant's inducing Plaintiff to wire funds by writing "that is the correct
     wire info" if Defendant believed "There was not any meeting of the minds"
     was deceptive.  See Exhibit 104 and Exhibit 105.

## Claim V

### (Deceptive Acts MGL 93a)

40.  Plaintiff realleges paragraphs 1 through 39.

41.  Defendant's claiming that Plaintiff's "wire was completely unsolicited" after
     accepting the terms of the Escrow Arrangement that told Plaintiff "If you are
     in agreement please arrange to wire funds to [Defendant]" was deceptive.
     See Exhibit 101 and Exhibit 105.

## Claim VI

### (Unfair Acts MGL 93a)

42.   Plaintiff realleges paragraphs 1 through 37.  41

43.   Defendant's keeping the $400,000 he received on October 7, 2020 if he believed the wire was "completely unsolicited" or there was no "meeting of the minds" was unfair.  See Exhibit 105.

## Claim VII

### (Unfair Acts MGL 93a)

44.   Plaintiff realleges paragraphs 1 through 37.  43

45.   Defendant's not refusing to receive or attempting to return the $400,000 he received on October 7, 2020 if he believed the wire was "completely unsolicited" and there was no "meeting of the minds" was unfair.  See Exhibit 105.

## Claim VIII

### (Equity – Unjust Enrichment)

46.   Plaintiff realleges paragraphs 1 through 33.  45

47.   Defendant has been unjustly enriched by Plaintiff's $400,000.

## Claim IX

### (Unfair Dealing)

48. Plaintiff realleges paragraphs 1 through 35. 47

49. Defendant has dealt unfairly.

### **Request for Relief**

50. Plaintiff hereby asks this honorable court to order Defendant to refund Plaintiff his $400,000.

51. Plaintiff hereby asks this honorable court to order Defendant to order Defendant to pay Plaintiff interest at the highest rate allowed by law.

52. Plaintiff hereby asks this honorable court to order Defendant to pay Plaintiff treble damages for Defendant's unfair and deceptive acts.

53. Plaintiff hereby asks this honorable court to grant any and all additional relief that it may grant.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where

case related papers may be served. I understand that my failure to keep a current

address on file with the Clerk's Office may result in the dismissal of my case.

*I have read this complaint and attest that it is true and accrate and complete for it's cause of action.*

Respectfully submitted,

*P.(her*

**/s/Pankaj Merchia, M.D.**
Pankaj Merchia
PO Box 1071
Boca Raton, FL 33432
Voice: 561-235-2048
Email: pmerchia@gmail.com